UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>PYROMET;<br>LORGUS CFO SERVICES, LLC,<br><br>Defendants. | CLASS ACTION<br><br><br>C.A. NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS ACTION

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Defendant used a consumer report that it obtained from a credit reporting agency to fail to hire Plaintiff. In doing so, Defendant failed to comply with the procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION AND VENUE

2. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants both are headquartered here, the facts and events in the case were based here and the Plaintiff resides here.

### PARTIES

5. Leslie Ellis Thomas (hereinafter "Plaintiff") is a "consumer" as protected and governed by the FCRA.

6. Defendant Pyromet, Inc. ("Pyromet") is a Pennsylvania corporation operating the the Philadelphia area as an X-ray film cleaning company located at 5 Commerce Dr., Aston, PA 19014. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

7. The Plaintiff alleges on information and belief that at all times relevant hereto Defendant Lorgus CFO Services, LLC ("Lorgus"), a Pennsylvania limited liability company with principal offices at 1091 Barnview Lane, West Chester PA 19382. Lorgus acted as an intermediary and agent for Pyromet to obtain for it employment purpose consumer reports. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

8. At all time relevant hereto third parties VeriFirst Background Screening, LLC ("VeriFirst") and TransUnion, LLC ("TransUnion") operated as "consumer reporting agencies" as defined and governed by the FCRA.

**FACTUAL ALLEGATIONS**

9. In or around early May 2010, plaintiff attended a job interview with prospective employer, Pyromet, an X-ray film cleaning company.

10. The aforesaid interview lasted 2 ½ hours at the end of which plaintiff was informed that he had a start date for employment at Pyromet of May 17, 2010, subject to a background check being conducted.

11. Unbeknownst to Plaintiff at the time, Pyromet, apparently through Lorgus, requested the background check consumer report from VeriFirst, which then purchased a report to recompile and rebranded it in part from TransUnion.

12. The VeriFirst/TransUnion report obtained after the fact by Plaintiff indicates that the report was furnished to the Defendants on May 14, 2010 (a Friday).

13. The report was obtained and used for an employment purpose.

14. Plaintiff did not receive any written notice or a copy of his consumer report from either Pyromet or Lorgus.

15. On May 17, 2010, Plaintiff contacted Pyromet to see if the background check had been received. He did not receive a response.

16. On May 19, 2010, Plaintiff called Pyromet back and was told the employee who handled the background checks was not there.

17. On Thursday, May 20, 2010, Plaintiff called Pyromet back and was then first informed, over the telephone, that Pyromet received the background check from VeriFirst.

18. During the same aforesaid phone call, Plaintiff asked Pyromet to speak to the Pyromet employee who was to schedule him for training to which Pryomet replied that the requested employee was not available and would call him back.

19. Having not heard back from Pyromet, Plaintiff called on May 24, 2010 and May 26 and was informed each time that the requested employee was not available to speak to him.

20. Plaintiff called Pyromet on May 28, 2010, and was now put off in a cold manner by the Pryomet employee answering his call.

21. Sometime after June 8, 2010, VeriFirst mailed a copy of the report to the Plaintiff.

3

22. Upon receiving the report, plaintiff was surprised to learn that Defendants had inaccurately included a public record criminal record labeling him a National Sex Offender. The report contained information that did not belong to Plaintiff. Defendants had inaccurately mixed identity with that of a totally unrelated person. The inaccurate information included public record information likely to have an adverse affect upon Plaintiff's ability to obtain employment.

23. It appears that the sex offense record was included in the Plaintiff's consumer report because the actual third party who suffered such a conviction and label had the same first and last name as the Plaintiff.

24. However, not withstanding the stranger's first and last name, the record incorrectly attributed to the Plaintiff evidenced a different middle name, a different age and date of birth, a different address and it did not match the Plaintiff' social security number.

25. The results of the consumer report caused Pyromet to fail to hire Plaintiff for the position previously committed to him.

## APPLICABLE LAW

26. Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this

subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

27.     The purpose of Section 1681b(b)(3)(A) is to provide prospective or current employees a sufficient amount of time to review the consumer report, correct any inaccuracies – such as the one that has harmed the Plaintiff - and to notify the prospective employer of these inaccuracies before an adverse action is taken.

## FACTS COMMON TO ALL CLASS MEMBERS

28.     Defendants regularly obtained and used consumer reports for an employment purpose.

29.     Defendants failed to provide a copy of employment consumer reports they obtained and used a time before any adverse action sufficient to allow applicants the opportunity to discuss the report with Defendants, obtain correction of report inaccuracies or otherwise respond.

30.     Upon information and belief, it is Defendant Pyromet's standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

### Defendants Acted Willfully

31.     Defendants knew or should have known about their legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

32. On information and belief, the Plaintiff alleges that the Defendants obtained or had available substantial written materials that apprised them of their duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

33. Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Pyromet, or an affiliated entity, residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a consumer report that was furnished to the Defendants to make an employment decision on or after two years next preceding the filing of this action and who were thereafter terminated or not hired by such employer and who were not provided by Defendants a copy of that report and/or the disclosures required at 15 U.S.C. §1681b(b)(3)(A)(ii) at least five business days before that adverse action was started or taken.
>
> Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

37. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the

pendency of this action by published and/or mailed notice.

38. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Defendants sent the required notices, when they did so and whether Defendants acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question. Such issues include, by example only and without limitation:

   a. Whether Defendant provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

   b. Whether Defendant provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

   c. Whether Defendant's implementation and maintenance of the challenged FCRA procedures was willful (knowingly with reckless disregard);

   d. What is the appropriate amount of statutory damages per class member and punitive damages that should be awarded.

40. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

41. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

42. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

43. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P.

23(b)(2).

# CLAIM FOR RELIEF

## COUNT I - VIOLATION OF THE FCRA § 1681b(b)(3)(A)
(CLASS ACTION)

44. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Defendant Pyromet violated 15 U.S.C. §1681b(b)(3)(A)(i) as to the Plaintiff and each putative member of the Subclass because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

46. Defendant Pyromet violated 15 U.S.C. §1681b(b)(3)(A)(ii) as to the Plaintiff and each putative member of the Subclass because it failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

47. The violation by Defendant Pyromet of 15 U.S.C. § 1681b(b)(3) as alleged herein was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

48. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant Pyromet in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

49. As a result of these FCRA violations, Defendant Pyromet is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C.

§1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n.

## JURY TRIAL DEMAND

50. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. That judgment be entered for the class as alleged and pled herein pursuant to 15 U.S.C. § 1681n;

c. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n; and,

d. That the Court grant such other and further relief as may be just and proper.

Dated: August 31, 2010

RC935
ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
rcocco@rcn.com

Attorney for Plaintiff and the Class