IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff | : : | No. 10-CV-4413 |
| v. | : : | |
| PYROMET, INC. and LORGUS CFO SERVICES, LLC, | : : : | |
| Defendants | : | |

## **ORDER**

AND NOW, this            day of              , 2010, upon consideration of Defendants, Pyromet, Inc. and Lorgus CFO Services, LLC's Motion to Dismiss Plaintiff's Complaint, it is hereby Ordered that Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.

BY THE COURT:

_____

J.

1994843v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff | : : | No. 10-CV-4413 |
| v. | : : | |
| PYROMET, INC. and LORGUS CFO SERVICES, LLC, | : : : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Pyromet, Inc. and Lorgus CFO Services, LLC, by and through undersigned counsel, move for dismissal of Plaintiff's Complaint. As detailed in Defendants' Memorandum of Law, which is incorporated herein, Plaintiff's Complaint fails to sufficiently allege cognizable claims against Defendants and Plaintiff's attempt to obtain injunctive and equitable relief is not supported by the Fair Credit Reporting Act. As such, Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendants Pyromet, Inc. and Lorgus CFO Services, LLC respectfully request that Defendants' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed.

Respectfully,

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

/s/  Sandhya M. Feltes
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendants Pyromet, Inc. and
Lorgus CFO Services, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE ELLIS THOMAS, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff | : : | No. 10-CV-4413 |
| v. | : : | |
| PYROMET, INC. and LORGUS CFO SERVICES, LLC, | : : : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Pyromet, Inc. (hereinafter "Pyromet") and Lorgus CFO Services, LLC (hereinafter "Lorgus"), by and through undersigned counsel, respectfully submit their Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint. As set forth herein, Plaintiff's Complaint fails to assert cognizable claims against Defendants and should therefore be dismissed.

**I.      STATEMENT OF FACTS**

This action arises out of Plaintiff Thomas' unsuccessful attempt to obtain employment from Defendant Pyromet.

In May, 2010, Plaintiff Thomas applied for employment with Pyromet. Plaintiff contends that Defendants obtained a "background check consumer report" in connection with his employment application, which Plaintiff admits receiving around June 8, 2010. Plaintiff contends that Pyromet failed to hire him due to information contained in the report.

Notably, Plaintiff does not allege that he had any communication or contact with Lorgus.

1

On August 31, 2010, Plaintiff instituted the instant action asserting a single count for violation of § 1681b of the Fair Credit Reporting Act ("FCRA"). Having been refused employment, Plaintiff attempts to convert his claim into a class action against Pyromet and Lorgus based upon conclusory allegations without support in fact or law. Plaintiff contends that Pyromet had a duty under the FCRA – but failed - to provide notice of adverse action when Pyromet did not employ Plaintiff. Other than a conclusory allegation that Defendant Lorgus is a "user" of a credit report, Plaintiff assails no substantive allegations against Defendant Lorgus. Plaintiff's Complaint fails to assert a cognizable claim against Defendants or to allege sufficient facts in support of his FCRA claims against Pyromet and Lorgus. The Complaint should therefore be dismissed.

## II.   STANDARD OF REVIEW

Fed.R.C.P. 12(b)(6) allows a party to seek dismissal of a pleading which fails to state a claim upon which relief can be granted. A motion to dismiss under Fed.R.C.P. 12(b)(6) admits the well pleaded allegations in the Complaint, but denies their legal sufficiency. Fed.R.C.P. 12(b)(6); Pagnotti Enterprises, Inc. v. Beltrami, et al, 787 F.Supp. 440, 443 (E.D.Pa.1992). However, the Court need not assume that the plaintiff can prove facts that were not alleged in the complaint. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir.1998). Nor should the Court give credit for a complaint's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).

In order to avoid dismissal, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).

2

The standard by which a Complaint is reviewed on a 12(b)(6) motion has been revisited and the standard heightened by the U.S. Supreme Court in Twombly, *supra*, and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  Through these cases, the U.S. Supreme Court replaced the "notice pleading" standard, which required the Court to determine whether there was "no set of facts" that might prove entitlement to relief, to a plausibility standard.  Iqbal, 129 S.Ct. at 1949-50.

To pass muster under Rule 12(b)(6), it is no longer sufficient that a plaintiff makes "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S.Ct. at 1949.  "A pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) *citing* Twombly, 550 U.S. at 555.  Rather, the court must engage in a two part analysis.  Iqbal, 129 S.Ct. 1937, 1949-50.  First, the court must separate factual allegations from legal conclusions.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

As applied to a motion to dismiss under Fed.R.C.P. 12, Fed.R.C.P. 8 obligates a plaintiff to set forth facts showing he has a plausible chance of prevailing on his claim.  Fed.R.C.P. 8(a); Twombly, 127 S.Ct. at 1966 (to survive a motion to dismiss, plaintiff must allege enough specific facts to push the complaint over "the line between possibility and plausibility").  A plaintiff must plead actual facts, not just conclusory assertions.  Id. at 1959.  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 (1986).

Applying these standards to the Complaint, Plaintiff has not met his burden of pleading a plausible claim for relief under the FCRA.

### III. PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANTS DO NOT SUPPORT A CLAIM UNDER THE FAIR CREDIT REPORTING ACT

Plaintiff fails to allege all elements necessary to allege a claim under the FCRA against Defendants Pyromet and Lorgus because he does not, and cannot, allege that Pyromet engaged in the adverse action of not hiring Plaintiff before Plaintiff received a copy of the consumer report. As such, Plaintiff's FCRA claim fails.

Plaintiff contends that Pyromet and Lorgus violated the FCRA by failing to provide him with notice of adverse action under FCRA. The FCRA details the requirements for providing a notice of adverse action in §1681(b)(3), which provides:

> **(3) Conditions for adverse actions.** –
>
> **(A) In general.**- Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates-
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this title, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title

Users of credit reports are treated differently under the FCRA than credit reporting agencies and have limited responsibility for disclosures.[1] Wiggins v. District Cablevision, Inc., 853 F.Supp. 484, 489 (D.D.C. 1994) The user, "must advise the consumer of the name and address of the consumer reporting agency that provided the report **when the consumer is adversely affected** by the dissemination of information provided for employment purposes. Id.

---

[1] Plaintiff contends that Defendants Pyromet and Lorgus are "users" under the FCRA. See Complaint, ¶¶6-7.

4

(emphasis added). *See also*, Wood v. Holiday Inns, Inc., 508 F.2d 167, 172 (5th Cir.1975) ("[T]he only requirement placed upon a "user" of a credit report is the duty to disclose the name and address of the reporting agency **when credit is denied**.") (emphasis added).

Plaintiff's Complaint is deficient under FCRA §1681(b)(3) because Plaintiff does not allege that Pyromet made a decision not to employ him before Plaintiff received the credit report. Plaintiff admits that he received a copy of the credit report on or about June 8, 2010. He does not allege, when Pyromet made a decision not to hire him or that the decision was made before June 8, 2010. In fact, Plaintiff's Complaint is wholly devoid of any allegation as to when Plaintiff claims Pyromet made the decision not to hire him. Without this crucial allegation, Plaintiff cannot establish, or sufficiently plead under Twombly, when, if ever, his right to the credit report or notice of adverse action was triggered.

Plaintiff's FCRA claim is therefore fatally flawed and must be dismissed.

## IV.  PLAINTIFF FAILS TO ALLEGE A COGNIZABLE FCRA CLAIM AGAINST DEFENDANT LORGUS

Plaintiff also does not allege a cognizable claim against Defendant Lorgus for which relief may be granted. Plaintiff does not allege that Defendant Lorgus took an adverse action against Plaintiff. Further, Plaintiff does not allege that Defendant Lorgus violated any section of the FCRA.

The FCRA defines "adverse action" to mean "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," 15 U.S.C. § 1681a(k)(1), referring to 15 U.S.C. § 1691(d)(6) (2004), or "an action taken or determination that is ... made in connection with an application that was made by, or a transaction that was initiated by, any consumer, or in

connection with a review of an account ... and adverse to the interests of the consumer." 15 U.S.C. § 1681a(k)(1)(B)(iv).

In order to plead an FCRA claim against Defendant Lorgus, Plaintiff would have to allege that Defendant Lorgus made a determination adverse to Plaintiff's interests. However, the Complaint does not allege that Plaintiff applied for employment with Defendant Lorgus or that Defendant Lorgus failed to hire Plaintiff. To the contrary, Plaintiff alleges that he applied for employment with Defendant Pyromet and that it was Defendant Pyromet who did not hire him. *See* Compl., ¶¶9, 25. Therefore, there is no "adverse action" attributed to Defendant Lorgus for which Defendant Lorgus would be required to provide notice to Plaintiff. Without specific factual allegations establishing that Lorgus engaged in an adverse action triggering the FCRA notice requirements, an FCRA claim cannot lie against Defendant Lorgus.

Further, Plaintiff's Complaint lacks sufficient specificity regarding Defendant Lorgus' alleged violation of the FCRA. Under Twombly, Iqbal and Fed.R.C.P. 8, Plaintiff must make clear which claims he intends to assert against each defendant. However, the insufficiency of the allegations in Plaintiff's Complaint obscures the roles each Defendant is alleged to have played in the underlying events.

Plaintiff's Complaint fails to allege any factual allegations against Defendant Lorgus. To the contrary, all of the factual averments, as contained in paragraphs 9 through 25 of the Complaint, specify actions allegedly taken by Pyromet or non-parry Verifirst. The legal conclusions are similarly not directed to Defendant Lorgus, but are rather lodged against "Defendants" without any indication of which Defendant is alleged to have engaged in each specific action. *See e.g.* Compl. ¶¶31-33.

6

1994843v.1

Further, the sole Count of the Complaint is devoid of any allegation that Lorgus violated the FCRA and is directed only to Pyromet:

> 45. Defendant Pyromet violated 15 U.S.C. § 1681b(b)(3)(A)(i)….
>
> 46. Defendant Pyromet violated 15 U.S.C. § 1681b(b)(3)(A)(ii)….
>
> 47. The violation by Defendant Pyromet of 15 U.S.C. § 1681b(b)(3)…
>
> 48. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant Pyromet….
>
> 49. As a result of these FCRA violations, Defendant Pyromet is liable to Plaintiff and to each Class Member….

Compl., ¶¶45-49.

Plaintiff's Complaint fails to allege any fact that would require Defendant Lorgus to comply with the notification and disclosure requirements of the FCRA. The allegation that Defendant Lorgus "acted as intermediary and agent for Pyromet" is a mere recitation of a legal conclusion that, even if proven, cannot operate to make Lorgus liable under the FCRA for claims that are not lodged against Lorgus. Such bare legal conclusions do not provide any basis for a determination that Lorgus is somehow liable for the alleged acts of Defendant Pyromet. In determining whether the Complaint complies with Rule 8, such a legal conclusion is disregarded. Twombly 550 U.S. at 565 (disregarding allegation of 'contract, combination or conspiracy…").

Defendant Lorgus is entitled to know what it is alleged to have done, and, if it is alleged to bear liability for the acts of another defendant, the factual predicate for such liability. Stewart v. Evans, 2009 LEXIS 75969, *13-14 (M.D.Pa. Aug. 25, 2009) ("Plaintiff's Complaint does not meet the mandates of the Federal Rules, in part, because specific facts are not alleged against

7

individual defendants")' *see also* Folkman v. Roster Fin. LLC, 2005 LEXIS 18117, *10-11 (D.N.J. Aug. 16, 2008) ("When a complaint is brought against several distinct defendants. 'separate statements with regard to each defendant are particularly helpful in apprising the individual defendants of claims pertaining only to them....'") (citation omitted). By obscuring allegations against Defendants Lorgus and Pyromet, the Complaint does not give the moving Defendants the notice required by Rule 8.

The Complaint does not adequately allege any basis on which Defendant Lorgus could be liable under the FCRA. The Complaint also fails to attribute specific conduct to Defendant Lorgus which could implicate the FCRA.

There is therefore no competent allegation in the Complaint that would support a FCRA claim against Defendant Lorgus. Plaintiff's Complaint against Defendant Lorgus must therefore be dismissed.

**V.   THE FAIR CREDIT REPORTING ACT DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION FOR INJUNCTIVE OR EQUITABLE RELIEF**

The FCRA authorizes consumers to sue person who violate the FCRA, but limits relief in any such private action to actual damages and attorney's fees, or in the case of willful violations, to statutory damages in lieu of actual damages, and punitive damages. *See* 15 U.S.C. §§ 1681n, 1681o. The FCRA does not allow private plaintiffs to obtain any form of injunctive, declaratory or other equitable relief. Only the Federal Trade Commission may seek equitable relief for non-compliance with the FCRA. 15 U.S.C. § 45(b).

Notwithstanding the foregoing, Plaintiff here seeks injunctive and equitable relief on a purported class-wide basis. In paragraph 43 of the Complaint, Plaintiff seeks "appropriate equitable injunctive relief" for Plaintiff and the putative class. In paragraph 49 of the Complaint, Plaintiff seeks "appropriate equitable relief from Defendant Pyromet...". Because the FCRA

affords Plaintiff no such rights, Plaintiff's request for any form of equitable relief must be dismissed. *See* Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 268 (5th Cir. 2000) (holding that "[t]he affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC" in FCRA actions).

Courts in the Third Circuit have consistently held that equitable relief is not available to private plaintiffs under the FCRA. *See, e.g.*, Miller v. Sunoco, Inc., 2008 WL 623806, *3 (E.D.Pa. Mar. 4, 2008) (holding that "Congress vested the power to obtain injunctive relief [under the FCRA] exclusively with the FTC"). Gelman v. State Farm Mutual Auto Ins. Co., 2007 WL 2306578, *9 (E.D.Pa. Aug. 9, 2007) (dismissing counts seeking injunctive and declaratory relief because Congress clearly and unambiguously limited federal courts' equity jurisdiction under the FCRA); Miller v. CoreStar Financial Group of Pa., Inc., 2006 WL 1876584 (E.D.Pa. June 29, 2006) (granting motion to dismiss request for injunctive relief under FCRA); Kekich v. Travelers Indemnity Co., 64 F.R.D. 660, 668 (W.D.Pa. 1974) (holding that "Congress in its legislative discretion has wisely appointed" the FTC, not individual plaintiffs, to seek equitable relief under the FCRA). A majority of courts which have considered this issue have reached the same conclusion.[2]

Plaintiff's claims for equitable relief, in the form of injunctive relief or otherwise, either individually, or on a class-wide basis, are prohibited by the FCRA and interpretive case law. As such, Plaintiff's claims for equitable and injunctive relief must be dismissed, with prejudice.

---

[2] *See, e.g.* McDonald v. Equifax, Inc., 2008 WL 5156690, *2 (N.D.Tex. Dec. 8, 2008); Homes v. TeleCheck Int'l, Inc., 556 F.Supp.2d 819, 848-49 (M.D. Tenn. 2008); Smith v. Equifax Information Services, LLC, 522 F.Supp.2d 822, 825-826 (E.D. Tex. 2007); Ali v. Long Beach Acceptance Corp., 2007 WL 3335015, *5-6 (E.D. Cal. Nov. 9, 2007).

**VI. CONCLUSION**

Plaintiff's Complaint fails to assert a viable or cognizable claim under the Fair Credit Reporting Act against Defendants Pyromet and Lorgus and therefore must be dismissed. Plaintiff does not allege that Defendant Pyromet took adverse action prior to Plaintiff receiving the credit report, a fatal flaw in the Complaint. Plaintiff also does not allege that Defendant Lorgus engaged in any acts which violated the FCRA. Further, Plaintiff is not entitled to equitable relief and those claims must, at the least, be dismissed.

KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/ Sandhya M. Feltes
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendants Pyromet, Inc. and
Lorgus CFO Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2010, a true and correct copy of Defendants' Motion to Dismiss Plaintiffs' Complaint was served by ECF Electronic Notification upon the following:

Robert P. Cocco, Esq.
Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102


KAPLIN STEWART MELOFF REITER & STEIN, P.C.


/s/  Sandhya M. Feltes
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendants Pyromet, Inc. and
Lorgus CFO Services, LLC

11